UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

J & J SPORTS PRODUCTIONS, INC.,

                Plaintiff,        **REPORT AND RECOMMENDATION**

    v.                                 19-CV-02002 (LDH) (ST)

JORDANE DOWLING, individually and
D/B/A ELUDZ RESTAURANT & LOUNGE;
and ELUDZ LOUNGE, LLC, an unknown business
entity D/B/A ELUDZ RESTAUNT & LOUNGE,

                Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

    Plaintiff J & J Sports Productions, Inc. ("J & J") brought this action against JORDANE DOWLING, individually and doing business as ELUDZ RESTAURANT & LOUNGE; and ELUDZ LOUNGE, LLC, an unknown business entity doing business as ELUDZ RESTAUNT & LOUNGE, for violation of the Federal Communications Act ("FCA"), 47 U.S.C. §605 *et seq.*, and 47 U.S.C. §553 *et seq*. *See* Compl. ¶ 1. Plaintiff now moves for default judgment against Defendants and requests $6000.00 in statutory damages, $18,000.00 in enhanced damages, pre- and post-judgment interest, attorney's fees, and costs. *See* Mot. Default J., ECF No. 11 at 3; Pl.'s Mem. of Law in Support of the Motion for Default Judgment ("Pl.'s Mem. of L."), ECF No. 11-3 at 5.

    For the reasons discussed below, I respectfully recommend that Plaintiff's motion be granted with respect to liability, and that the Defendants Eludz Lounge, LLC and Jordane Dowling be held jointly and severally liable for the violation of 47 U.S.C. § 605. I further recommend that this Court award Plaintiff statutory damages in the amount of $2,000.00 and enhanced damages in

the amount of $2,000.00, for the total amount of $4,000.00 with post-judgment interest. With respect to costs and attorney's fees, I recommend that Plaintiff be granted leave to make a motion for these no later than thirty (30) days after the judgment becomes final.

## FACTUAL BACKGROUND

Unless otherwise stated, all statements in this section are based on Plaintiff's allegations in the Complaint, Motion for Default, and accompanying documents. Plaintiff is a California corporation that owns the rights to sublicense certain televised pay-per-view events. *See* Compl. ¶¶ 6, 19.[1] Plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to "*Manny Pacquiao v Timothy Bradley, Jr., WBO World Welterweight Championship Fight Program,*" which was telecast nationwide on April 9, 2016 (hereinafter referred to as the "Program").[2] *Id.* ¶ 19. Plaintiff grants sub-licenses to commercial establishments (such as bars and restaurants) that wish to broadcast these events at their places of business. *See* Ex. A ("License Agreement") ¶ 3, ECF No. 1 at 12-19; *see* Compl. ¶ 20. The transmission of the Program was encrypted and made available only to entities that paid Plaintiff the requisite licensing fee to exhibit the Program. *Id.* ¶¶ 22-25.

At the time of the Program's broadcast, Defendant Eludz Lounge, LLC (hereinafter "Eludz Lounge") operated the commercial establishment doing business as Eludz Restaurant & Lounge, located at 1904 Utica Avenue, Brooklyn, New York, 11234. *Id.* ¶ 7. Defendant Jordane Dowling

---

[1] Because Defendants are in default under Federal Rule of Civil Procedure 55(a), the Court accepts all of the well-pleaded factual allegations in Plaintiff's complaint as true, except those relating to damages. *See Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); *accord J & J Sports Prod., Inc. v. El Ojo Aqua Corp.*, No. 13-CV-6173 (ENV) (JO), 2014 U.S. Dist. LEXIS 136024, at *5-6 (E.D.N.Y. Aug. 29, 2014), *adopted by* 2014 U.S. Dist. LEXIS 132980 (E.D.N.Y. Sep. 19, 2014).

[2] Plaintiff's right to distribute the Program includes all under-card bouts encompassed in the television broadcast of the event. Compl. ¶ 19.

("Dowling") was the sole principal of Eludz Lounge. *Id.* ¶¶ 9-11. Dowling was also the sole individual listed on the New York State Liquor Authority License for Eludz Lounge. *Id*. ¶ 10. At no time did Plaintiff license the Program to Eludz Lounge or Dowling. *Id*. ¶¶ 28, 31. Nonetheless, the Program was broadcast on four television screens at the Eludz Lounge on April 9, 2016. *Id*. ¶¶ 22, 30-32; *see* Osgood Aff. at 2, ECF No. 11-2, 34. There were approximately sixty to sixty-four patrons at the Eludz Lounge during the broadcasting of the Program. Osgood Aff. at 1. There was no cover charge for entering the Eludz Lounge. *Id*.

Plaintiff brought this action against Defendants on April 8, 2019. *See* Compl. at 1. Defendants were properly served. *See* Affidavits of Service, ECF No. 11-2. Plaintiff requested a certificate of default on June 5, 2019 (*see* ECF No. 9), which was entered by the Clerk of Court on June 24, 2019. *See* ECF No. 10. Plaintiff filed this motion for default judgment on July 25, 2019. *See* Mot. Default J. at 1.

## DISCUSSION

I. **Legal Standards.**

A. **Default Judgment.**

Rule 55 of the Federal Rules of Civil Procedure calls for a two-step process for obtaining a default judgment. See *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the plaintiff must request entry of default by the Clerk of the Court. *Id.* (citing Fed. R. Civ. P. 55(a)). Once default has been entered against the non-responsive parties, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Once the plaintiff meets these requirements, the court must accept the factual allegations in the plaintiff's complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The court must determine whether these facts establish the defendants' liability as a matter

3

of law. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). The court, however, "need not credit the plaintiff's legal conclusions." *Priestley*, 647 F.3d at 504.

Unlike allegations pertaining to liability, allegations in the complaint relating to damages are not deemed admitted upon entry of a default; instead, the court considers whether the plaintiff "has met the burden of proving damages to the court with 'reasonable certainty.'" *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505 (NGG) (PK), 2016 U.S. Dist. LEXIS 162711, at *4 (E.D.N.Y. Nov. 23, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court need not conduct an evidentiary hearing to determine damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). The Court may find this basis established "upon a review of detailed affidavits and documentary evidence." *J & J Sports Prods., Inc. v. Emily Bar Rest. Inc.,* No. 15-CV-6499 (RJD) (SMG), 2016 U.S. Dist. LEXIS 133905, at *6 (E.D.N.Y. Sept. 27, 2016), *adopted by* 2016 U.S. Dist. LEXIS 152074 (E.D.N.Y. Nov. 2, 2016) (internal citations omitted).

### B. The Federal Communications Act

Section 553 of the Federal Communications Act ("FCA") provides that an unauthorized person shall not "intercept or receive or assist in intercepting or receiving any communications service offered over a cable system." 47 U.S.C. § 553(a)(1). Section 605 of the FCA provides that a person shall not, without authorization, "intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communications to any person." 47 U.S.C. § 605(a). If a defendant is found liable under both Sections 605 and 553 of the FCA, the plaintiff's

4

damages shall be limited to those awarded under Section 605. *See Int'l Cablevision Inc. v. Sykes*, 997 F.2d 998, 1009 (2d Cir. 1993).

Although in its Complaint, Plaintiff asserts claims under both Sections 553 and 605 of the FCA (Compl. ¶ 1), Plaintiff appropriately requests damages only under Section 605 in its Motion for Default Judgment. *See* Mot. Default J. ¶¶ 3-4. Also, while in the initial complaint, Plaintiff sought $110,000.00 in damages for the Section 605 claim and $60,000.00 in damages for the Section 553 claim (*see* Compl. at 10-11), in this motion Plaintiff has revised its request for damages and seeks $6,000.00 for statutory damages and $18,000.00 for enhanced damages. Mot. Default J. ¶¶ 3-4; *see* Pl.'s Mem. of L. at 4-5.

## II. Liability

### A. Defendant Eludz Lounge

I find that Plaintiff makes a sufficient claim for relief against Defendant Eludz Lounge under Section 605 of the FCA. J & J had an exclusive license to broadcast, distribute, and sublicense the Program. *See* Compl. ¶ 19, License Agreement ¶ 3. Eludz Lounge could only legally broadcast the Program by entering into a licensing agreement with J & J. *See* Compl. ¶ 19, 21. Eludz Lounge never received authorization from J & J to broadcast the Program. *See* Compl. ¶ 28; Gagliardi Aff. ¶ 7, ECF No. 11-1 at 2-3. Nonetheless, Eludz Lounge exhibited the Program to patrons at its establishment on April 9, 2016. *See* Compl. ¶ 12-17; Osgood Aff., ECF No. 11-2 at 34-35.

Taking these allegations as true, I find that the Plaintiff has sufficiently stated a claim for relief under Section 605 of the FCA. *See, e.g.*, *J & J Sports Productions, Inc. v. Nest Rest. & Bar, Inc.*, No. 17-CV-4107 (NGG) (RER), 2018 U.S. Dist. LEXIS 133915, at *5 (E.D.N.Y. Aug. 7, 2018); *J & J Sports Productions, Inc. v. Monte Limar Sports Bar Inc.*, No. 15-CV-3771 (ILG),

2017 U.S. Dist. LEXIS 33227, at *4-5 (E.D.N.Y. Mar. 8, 2017). Accordingly, I respectfully recommend that Eludz Lounge be found liable for unlawfully intercepting and broadcasting the Program in violation of Section 605 of the FCA.

### B. Jordane Dowling

Plaintiff also seeks to hold Dowling liable under Section 605 in his capacity as the principal of Eludz Lounge. *See* Compl. ¶¶ 9-17. Where a plaintiff establishes that an entity violated Section 605, individuals connected to the entity may also be liable "under the theories of 'contributory infringement' or 'vicarious liability.'" *LX Food Grocery Inc.*, 2016 U.S. Dist. LEXIS 162711, at *5 (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997)).

A corporate officer is liable under a theory of contributory infringement if that officer authorizes the violations. *J & J Sports Prods. v. Gonzalez*, No. 18-CV-2319 (RRM) (RER), 2019 U.S. Dist. LEXIS 80633, at *13 (E.D.N.Y. May 9, 2019) (citation omitted). Here, Plaintiff merely alleges, upon information and belief, that Defendant Dowling "specifically directed the employees of Eludz Restaurant & Lounge to unlawfully intercept, receive and broadcast Plaintiff's Program." Compl. ¶ 14. Such "formulaic recitation of the elements of a cause of action is insufficient to establish a prima facie case" against Dowling under the contributory infringement theory. *See J & J Sports Prods. v. James*, No. 17-CV-5359 (NGG) (ST), 2018 U.S. Dist. LEXIS 126308, at *11 (E.D.N.Y. July 25, 2018) (holding that the bare allegation in the complaint asserting that the individual defendant "directed or permitted" the unlawful broadcasting and the fact that the individual is the principal listed on the restaurant's liquor license would be insufficient to establish contributory liability against the individual defendant.)

However, sufficient factual allegations exist to find Dowling liable under the vicarious liability theory. Vicarious liability requires that a "corporate officer had (1) a 'right and ability to

6

supervise' the company's activities and (2) 'an obvious and direct financial interest in the exploitation of copyrighted materials' by the corporate entity." *J & J Sports Prods. v. Ahuachapan Corp.*, No. 17-CV-1184 (LDH) (PK), 2019 U.S. Dist. LEXIS 46240, at *6 (E.D.N.Y. Mar. 20, 2019) (quoting *Softel*, 118 F.3d at 971). Relying on Dowling's name being listed on Eludz Lounge's New York State Liquor License (Compl. ¶¶ 10-13), Plaintiff alleges that Dowling "had the right and ability to supervise the activities of Eludz Restaurant & Lounge, which included the unlawful interception" of the Program. Compl. ¶ 12. Further, Plaintiff alleges that Dowling "had an obvious and direct financial interest" in the unlawful interception, which "resulted in increased profits or financial benefit" for Defendants. Compl. ¶¶ 15-16. If Plaintiff were relying solely on Dowling's status as the listed principal on the liquor license to establish vicarious liability, it may have been insufficient. *See Gonzalez*, 2019 U.S. Dist. LEXIS 80633, at *16 (noting that there is "disagreement [among courts in this district] as to whether a liquor license is enough to establish the first prong of the vicarious liability standard"). However, here, Plaintiff provides additional evidence of Dowling's vicarious liability by submitting Eludz Lounge's social media advertisement of the program, which contains a visual poster and the following statement:

> SELECTIVE SATURDAYS BRINGS YOU FREE FIGHT PARTY TONIGHT TONIGHT TONIGHT PACQUIAO VS BRADLEY tables are available along with hookah Eludz Lounge.

*See* WEBSTA, ECF No. 11-2 at 36 (screenshot of a social media account of Eludz Lounge depicting the posting of the program). This advertisement bolsters the inference that the unlawful broadcasting of the program would attract and increase patronage to the Eludz Lounge. *See J&J Sports Prods. v. El Ojo Aqua Corp.*, 2014 U.S. Dist. LEXIS 136024, 2014 WL 4700014, at *4 n.3 (observing that a defendant's status as the principal on a liquor license alone was insufficient to establish individual liability, but facts proving financial gain, such as advertising, "would plainly

7

bolster the inference" of such liability); *see also James*, 2018 U.S. Dist. LEXIS 126308, at *13-14 (same). Accordingly, I respectfully recommend that Defendants Eludz Lounge and Dowling be held jointly and severally liable for the violation of 47 U.S.C. § 605(a). *See J & J Sports Prods. v. Big Daddy's Theme Palace, Inc.*, No. 14-CV-2765 (JG) (JMA), 2014 U.S. Dist. LEXIS 179281, at *5 (E.D.N.Y. Dec. 12, 2014).

### III.  Damages

To establish damages upon a default, the movant needs to prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). The Court may award damages without an evidentiary hearing as long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).

Plaintiff seeks statutory damages in the amount of $6,000.00 and enhanced damages in the amount of $18,000.00, as well as pre- and post-judgment interest. *See* Mot. Default J. at 3; Pl.'s Mem. of L. at 6-10. Plaintiff also requests that the Court grant thirty (30) days from the date judgment is entered to submit a motion for costs and attorneys' fees. *See* Mot. Default J. at 3.

To support Plaintiff's damages request, Plaintiff submits: (i) the affidavit of Joseph Gagliardi, President of J & J (Gagliardi Aff., ECF No. 11-1 at 1-7); (ii) the License Agreement granting Plaintiff exclusive nationwide closed-circuit rights to the Program (ECF No. 11-1 at 9–15); (iii) the rate schedule for businesses of various sizes to obtain a license to broadcast the Program (ECF No. 11-1 at 17); and (iv) the affidavit of investigator James Osgood who observed the unlicensed broadcast of the Program at Eludz Lounge on April 9, 2016 (Osgood Aff., ECF No.

11-2 at 34–35). This documentary evidence is sufficient for this Court to calculate damages without conducting a hearing. *See, e.g.*, *Emily Bar Rest. Inc.*, 2016 U.S. Dist. LEXIS 133905, at *5.

### A. Statutory Damages

"Where, as here, a violation of Section 605 has occurred, plaintiff is entitled to elect statutory or actual damages." *J & J Sports Prods., Inc. v. Dzako & Sons Corp.*, No. 13-CV-2739 (ARR) (CLP), 2014 U.S. Dist. LEXIS 63995, at *15 (E.D.N.Y. May 8, 2014); *see* 47 U.S.C. § 605(e)(3)(C)(i). A plaintiff who elects statutory damages may recover a per-violation award "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II); *see also Time Warner Cable of N.Y.C. v. Sanchez*, No. 02-CV-5855 (GBD) (FM), 2003 U.S. Dist. LEXIS 12954, at *9 (S.D.N.Y. July 8, 2003)) (assessment of the amount of statutory damages "rests within the sound discretion of the Court.").

Courts in this Circuit have generally determined Section 605 statutory damages based on the greater of two calculations: either the flat fee or per-person method.

> Under the "flat fee" method, the court calculates the amount that defendants would have paid in exchange for the right to show the Event legally—in this case, Plaintiff's licensing fee. Under the "per-person" method, damages are equal to the amount an individual consumer would have paid to view the Event pay-per-view, multiplied by the number of consumers who watched the illegally transmitted Event.

*LX Food Grocery*, 2016 U.S. Dist. LEXIS 162711 at *10-11 (citation omitted). In this case, Plaintiff does not offer any evidence of a per-person licensing fee. Therefore, the Court will apply the flat fee method to calculate the award. Plaintiff alleges that, under the flat fee method, Eludz Lounge would have paid $2000.00 for Plaintiff's commercial license to broadcast the Program. *See* Compl. ¶ 28; Gagliardi Aff. ¶ 8 ("The commercial sublicense fee for this establishment was

$2,000.00"); Pl.'s Mem. of L. at 8 ("The cost for the establishment to broadcast the Program lawfully was $2,000.00"). Therefore, the Court recommends that Plaintiff be awarded $2,000 in statutory damages.

### B. Enhanced Damages

Plaintiff also requests an award of enhanced statutory damages. Mot. Default J. at 2-3; Pl.'s Mem. of L. at 5, 9-10. The FCA provides that if any violation of Section 605(a) "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation…." 47 U.S.C. § 605(e)(3)(C)(ii). "Willfulness is defined as 'disregard for the governing statute and an indifference for its requirements.'" *El Ojo Aqua Corp.*, 2014 U.S. Dist. LEXIS 136024 at *18 (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126–27 (1985)).

Many courts in this Circuit have concluded that intercepting and broadcasting a televised event without permission constitutes willful conduct for purposes of commercial advantage. *See J & J Sports Prods. v. James*, No. 17-CV-5359 (NGG) (ST), 2018 U.S. Dist. LEXIS 126308, at *19 (E.D.N.Y. July 25, 2018) (collecting cases); *see also Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). Noting the weight of authority in this Circuit and Plaintiff's assertion that its "programming is not and cannot be mistakenly, innocently or accidentally intercepted" (Gagliardi Aff. ¶ 9), the Court recommends finding that Eludz Lounge's broadcast of the Program without a license is sufficient to establish that its breach was willful and undertaken for the purposes of commercial advantage.

Upon establishing willfulness, courts consider various factors to determine whether and in what amount to award enhanced damages, including "whether there is evidence of (i) repeated violations; (ii) significant actual damages suffered by the plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising of the event; and (v) defendant's collection of a cover charge or premiums for food and drinks." *J & J Sports Prods. v. Big Daddy's Theme Palace, Inc.*, No. 14-CV-2765 (JG) (JMA), 2014 U.S. Dist. LEXIS 179281, at *9 (E.D.N.Y. Dec. 12, 2014) (citation and internal quotation marks omitted). "Courts typically fix the amount of enhanced damages as a multiple of the basic statutory damages award. The multiples most commonly used by the Eastern District of New York are either two or three times the basic statutory damages." *J & J Sports Prods., Inc. v. Onyx Dreams*, No. 12-CV-5355 (SLT) (LB), 2013 U.S. Dist. LEXIS 169075, at *17-18 (E.D.N.Y. Oct. 28, 2013) (citation and internal quotation marks omitted).

Here, Plaintiff complains only of one violation by the Defendants, and Plaintiff's investigator's affidavit shows that there were no cover charges, nor premiums placed on food or drinks for the Program. *See* Osgood Aff., ECF No. 11-2 at 35-37. The only factor that favors the award of enhanced damages is the Defendants' advertisement of the Program on their social media account. *See* WEBSTA, ECF No. 11-2 at 36. Given that only one of the aforementioned five factors militates in favor of awarding enhanced damages, this court recommends an award of enhanced damages of $2000.00, which is equal to the amount of the recommended statutory damages award. *See J & J Sports Prods. v. GPN Bar Inc.*, No. 15-CV-6504 (FB) (ST), 2016 U.S. Dist. LEXIS 174514, at *15 (E.D.N.Y. Dec. 15, 2016) (awarding enhanced damages equal to statutory damages to deter future violations) (citation and internal quotation marks omitted); *J & J Sports Prods., Inc. v. LDG Williams LLC*, No. 11-cv-2145 (KAM), 2011 U.S. Dist. LEXIS 128558, at *5 (E.D.N.Y.

Nov. 7, 2011) (same); *Entm't by J&J, Inc. v. Friends II, Inc.*, No. 02-cv-585 (JES) (RLE), 2003 WL 1990414, at *4 (S.D.N.Y. Apr. 25, 2003) (same).

### C. Pre- and Post-Judgment Interest.

Plaintiff also seeks recovery of pre- and post-judgment interest at the federal statutory rate, requesting permission to move for the specific amount of such interest within thirty days of entry of the judgment. Mot. Default J. at 3. The FCA does not provide for awards of pre- or post-judgment interest, but the Court may award such when, in the Court's discretion, it is "'fair, equitable, and necessary to compensate the wronged party fully.'" *See LX Food Grocery*, 2016 U.S. Dist. LEXIS 162711 at *14 (quoting *Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers*, 955 F.2d 831, 835 (2d Cir. 1992)). However, courts "should not award prejudgment interest where 'the statutory obligation on which interest is sought is punitive in nature.'" *Id.* (quoting *Wickham Contracting*, 955 F. 2d at 834). Because statutory damages under the FCA are often construed as being "analogous to punitive damages," courts typically decline to award pre-judgment interest pursuant to these violations. *Id.* (quoting *J & J Sports Prods. v. La Ruleta*, No. 11-CV-4422 (NGG) (VVP), 2012 U.S. Dist. LEXIS 123118, at *13 (E.D.N.Y. Aug. 7, 2012), *adopted by*, 2012 U.S. Dist. LEXIS 123111 (E.D.N.Y. Aug. 27, 2012)).

However, no such legal barrier to awarding post-judgment interest exists. *See, e.g.*, *Morocho*, 2019 U.S. Dist. LEXIS 49687, at *17 (awarding post-judgment interest at the federal statutory rate); *J & J Sports Prods. v. Inga*, No. 18-CV-2542 (PKC) (RLM), 2019 U.S. Dist. LEXIS 48067, at *18 (E.D.N.Y. Mar. 22, 2019) (same); *J & J Sports Prod. v. Leon*, No. 18-CV-2103 (PKC) (RML), 2019 U.S. Dist. LEXIS 48202, at *19 (E.D.N.Y. Mar. 22, 2019) (same). Therefore, this Court respectfully recommends denying Plaintiff's request for pre-judgment interest but granting its request for post-judgment interest.

### D. Attorney's Fees and Costs

Plaintiff lastly requests thirty (30) days from the date judgment is entered to submit a request for attorneys' fees and costs. Mot. Default J. at 3. The FCA stipulates that courts "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Because a prevailing party is statutorily entitled to recover these damages, this Court respectfully recommends that Plaintiff's application to submit a request for attorneys' fees and costs 30 days from the entry of judgment be granted. *See, e.g.*, *Inga*, 2019 U.S. Dist. LEXIS 48067, at *17 (granting plaintiff 30 days to submit separate motion with supporting documentation for costs and attorneys' fees); *J & J Sports Prods. v. Morocho*, No. 18-CV-2302 (AMD) (RML), 2019 U.S. Dist. LEXIS 32482, at *16 (E.D.N.Y. Feb. 27, 2019) (same); *J & J Sports Prods. v. Babar*, No. 17-CV-5331 (JMA) (AYS), 2019 U.S. Dist. LEXIS 73565, at *4 (E.D.N.Y. May 1, 2019) (same).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that:

(a) Plaintiff's motion for default judgment against defendant ELUDZ LOUNGE, LLC and JORDANE DOWLING be granted, and that these defendants be held jointly and severally liable for the violation of 47 U.S.C. § 605 *et seq*.;

(b) Plaintiff be awarded $4,000.00, consisting of $2,000.00 in statutory damages and $2,000.00 in enhanced damages;

(c) Plaintiff be awarded post-judgment interest but denied pre-judgment interest; and

(d) Plaintiff be permitted to file a motion for costs and attorney's fees no more than thirty (30) days after the entry of judgment.

Plaintiff's counsel must serve a copy of this Report and Recommendation upon all Defendants at their respective last known addresses and file proof of service with the Court within give (5) days of the date of filing of this Report and Recommendation.

### OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
March 6, 2020