UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

J & J SPORTS PRODUCTIONS, INC.,

                              Plaintiff,

                    v.

JORDANE DOWLING, individually and
D/B/A ELUDZ RESTAURANT & LOUNGE;
and ELUDZ LOUNGE, LLC, an unknown business
entity D/B/A ELUDZ RESTAUNT & LOUNGE,

                              Defendants.

**MEMORANDUM AND ORDER**

19-CV-2002 (LDH) (PK)

---

LASHANN DEARCY HALL, United States District Judge:

Plaintiff J & J Sports Productions, Inc. ("J & J") brought the instant action against Defendants Jordane Dowling, individually and doing business as Eludz Restaurant & Lounge, and Eludz Lounge, LLC, an unknown business entity doing business as Eludz Restaurant & Lounge, asserting claims under the Federal Communications Act ("FCA"), 47 U.S.C. § 605 et seq., and 47 U.S.C. § 553 et seq. (Compl. ¶ 1.)

Defendants failed to appear, and an entry of default was entered by the Clerk of the Court on June 24, 2019. (ECF No. 10.) On July 25, 2019, Plaintiff moved for a default judgment against both Defendants. (ECF No. 11.) This Court referred the motion to Magistrate Judge Steven Tiscione, who issued a report and recommendation on March 6, 2020 (the "R&R"). (ECF No. 12.) Plaintiff timely objected.

## BACKGROUND[1]

Plaintiff had exclusive licensing rights to exhibit—and to authorize others to exhibit—the closed-circuit telecast of an April 9, 2016 boxing program (the "Event"). (Compl. ¶¶ 19-22; *see*

---

[1] The following facts are taken from the complaint, Plaintiff's submissions filed in connection with its motion for default judgment, and the R&R. Where, as here, a defendant defaults, "a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor, but it is also required to

*also* ECF No. 1-1 (licensing agreement).)  The transmission of the Event was electronically coded or "scrambled" to prevent unauthorized third parties from viewing it.  (Compl. ¶ 24.) Those who contracted with Plaintiff to broadcast the Event were provided with the electronic equipment and satellite coordinates necessary to receive the signal of the Event.  (*Id.* ¶ 25.)  The commercial fee for an establishment the size of Defendant Eludz Restaurant & Lounge was $2,000.00.  (Compl. ¶ 28; *see also* ECF No. 1-1 (licensing agreement).)

Defendant Eludz Lounge, LLC is a New York corporation that owns and operates Eludz Restaurant & Lounge located at 1904 Utica Avenue, Brooklyn, NY 11234. (Compl. ¶ 7-8.) Defendant Dowling, at all relevant times, was a principal of Eludz Lounge LLC, who upon information and belief, "had the right and ability to supervise the activities of Eludz Resturant & Lounge[.]" (Compl. ¶ 9-12.)  On April 9, 2016, an auditor observed approximately 62 to 65 persons watching the Event on four televisions at Eludz Resturant & Lounge.  (ECF No. 11-2 at 34-35.)  Defendants did not contract with Plaintiff to display the Event.  (Compl. ¶ 28.)

Judge Tiscione recommended the Court grant Plaintiff's motion for a default judgment, and that the Defendants Eludz Lounge, LCC and Jordane Dowling be held jointly and severally liable for the violation of 47 U.S.C. § 605. (R&R 1.) Additionally, Judge Tiscione recommended that the Court award Plaintiff statutory damages in the amount of $2,000, based on what Defendants would have paid for Plaintiff's commercial licensing fee, and enhanced damages in the amount of $2,000, based on the Defendant's advertisement of the Event on their social media page. (*Id.* at 2, 9-11.) Finally, Judge Tiscione recommended post-judgment interest, (*id.* at 12), and that Plaintiff be granted leave to make a motion for attorney's fees no later than 30 days after

---

determine whether [the plaintiff's] allegations establish [the defendants'] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (internal quotations and citations omitted).

the judgment becomes final. (*Id*. at 2.)  Plaintiff objects only to Magistrate Judge Tiscione's recommendation as to the statutory and enhanced damages awarded against Defendants.  (*See generally* Objection 3-7, ECF No. 13.)

### STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The Court conducts a de novo review of those portions of a Report and Recommendation to which a party submits a timely objection.  28 U.S.C. § 636(b)(1)(C).  "However, where no objections to the Report and Recommendation have been filed, the district court 'need only satisfy itself that that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

### DISCUSSION

**I.      Statutory Damages**

Under § 605 of the FCA, damages awarded to a plaintiff can be computed in accordance with the actual or statutory damage amount, at the plaintiff's election. *J & J Sports Prods., Inc. v. Hot Shotz Sports Bar Inc.*, No. 17CV4170DLIVMS, 2018 WL 5020175, at *7 (E.D.N.Y. July 13, 2018), *report and recommendation adopted*, 2018 WL 4627666 (E.D.N.Y. Sept. 27, 2018) (citing  47 U.S.C. § 605(e)(3)(C)(i)).  Where, as here, a plaintiff elects for statutory damages, the party may recover "a sum of not less than $1,000 or more than $10,000, as the court considers just," per violation ("statutory damages"). 47 U.S.C. § 605(e)(C)(i)(II). The amount of damages to be assessed is within the discretion of the court. *J & J Sports Prods., Inc. v. LX Food Grocery*

3

*Inc.*, No. 15CV6505NGGPK, 2016 WL 6905946, at *4 (E.D.N.Y. Nov. 23, 2016). However, it is well-settled in this Circuit that courts typically utilize two methodologies to calculate statutory damages: (1) the flat fee method, whereby "the court calculates the amount that defendants would have paid in exchange for the right to show the Event legally"; and (2) the per-person method, whereby "damages are equal to the amount an individual consumer would have paid to view the Event pay-per-view, multiplied by the number of consumers who watched the illegally transmitted Event." *Id.*

In his recommendation to this Court, Judge Tiscione applied the flat-fee method and recommended this court award Plaintiff $2,000 for the amount Defendants would have had to pay to legally broadcast the event. (R&R 9-10.) Such an award is consistent with the practice in this District. *See, e.g., J & J Sports Prods., Inc. v. Orellana*, No. 18-CV-2052(KAM)(VMS), 2019 WL 1177719, at *5 (E.D.N.Y. Mar. 13, 2019) ("[P]revious approaches by courts in the Second Circuit would award statutory damages equivalent to the sublicensing fee[.]")

In their Objection, Plaintiff requests the Court use neither of the approaches employed in the Second Circuit and instead award a three-times or two-times multiplier on the flat fee. (Objections 3-6). This Court, is however, unwilling to use its discretion to depart from the practice of this Circuit. See *J & J Sports Prods., Inc. v. Dowling*, No. 18CV5086MKBRML, 2019 WL 4727448, at *4 (E.D.N.Y. Sept. 27, 2019) ("[A]lthough there may be a good-faith dispute as to the optimal methodology in calculating statutory damages under the FCA, the Court declines to depart from the dominant view in the absence of unique circumstances in comparison to typical cases of this type*.");  J & J Sports Prods., Inc. v. Barretta*, No. 18CV05111NGST, 2019 WL 7284249, at *5 (E.D.N.Y. Sept. 10, 2019), *report and recommendation adopted*, 2019 WL 7283284 (E.D.N.Y. Dec. 27, 2019) ("Plaintiff requests that the Court utilize neither

4

approach and instead calculate statutory damages by multiplying the $2,000.00 licensing fee by three . . . [i]n keeping with recent decisions in this District, this Court declines to deviate from the standard methodology used to calculate statutory damages in the Second Circuit.")

## II.     Enhanced Damages

In addition to the statutory damages, "section 605(e)(3)(C)(ii) vests the court with the discretion to increase the award of damages where 'the court finds that the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain [("enhanced damages")].'" *J & J Sports Prods., Inc. v. Bernal*, No. CV 2009-3745 (FB) (MDG), 2010 WL 3463156, at *3 (E.D.N.Y. July 28, 2010), *report and recommendation adopted sub nom. J&J Sports Prods., Inc. v. Bernal*, 2010 WL 3463162 (E.D.N.Y. Aug. 30, 2010). A Court can award enhanced damages up to $100,000 per violation. *Id*. In determining whether to award such damages, courts have considered various factors, including "whether there is evidence of (i) repeated violations; (ii) significant actual damages suffered by the plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising of the event; and (v) defendant's collection of a cover charge or premiums for food and drinks." *LX Food Grocery Inc.*, 2016 WL 6905946, at *5.

Judge Tiscione recommended this Court find Defendants' broadcasting of the Event without a license willful and for the purpose of commercial advantage. (R&R 10.) Then, Judge Tiscione recommended an enhanced damage award of $2,000, as Plaintiff only complained of one violation by the Defendants and the "only factor that favors the award of enhanced damages is the Defendants' advertisement of the Program on their social media account." (*Id*. at 11.) Plaintiff objects, arguing Judge Tiscione's recommended award does not sufficiently account for the fact Defendant played the Event on four screens to over 60 patrons and that Defendant Eludz

5

Lounge is a second offender.[2] (Objections 6-7.) Instead, Plaintiff requests a three-times multiplier as enhanced statutory damages. (*Id.*) The Court agrees, in part.

As Judge Tiscione recommended, Plaintiff's evidence of the intentionality by which Defendants had to act to intercept the Event is sufficient to establish willful conduct. *See, e.g, J & J Sports Prods., Inc. v. James*, No. 17CV5359NGGST, 2018 WL 3850731, at *7 (E.D.N.Y. July 25, 2018), report and *recommendation adopted sub nom. J&J Sports Prods., Inc. v. James*, 2018 WL 3848921 (E.D.N.Y. Aug. 13, 2018) ("Many courts in this Circuit have concluded that intercepting and broadcasting a televised event without permission constitutes willful conduct."). Having established willfulness, the Court agrees an award of enhanced damages is warranted, however, upon considering the relevant factors, an award of $2,000 understates the severity of Defendants' conduct.

Here, this is Defendant Eludz Lounge's second violation under sections 553 and 605 of the FCA for substantially similar conduct. *See generally J & J Sports Prods., Inc. v. Dowling*, No. 18CV5086MKBRML, 2019 WL 4727448, at *1 (E.D.N.Y. Sept. 27, 2019). Further, while Plaintiff does not allege Defendants charged a cover to attend the Event, they do allege they advertised the Event on their social media accounts, and they played the Event on four screens to over 60 attendees. Taken together, the Court finds a two-times multiplier is appropriate, and accordingly, Plaintiff is entitled to $4,000 in enhanced damages.

## CONCLUSION

The Court has reviewed the remainder of the R&R for clear error and, finding none, adopts the R&R except as to the enhanced damages award calculation. For the foregoing

---

[2] Plaintiffs concede that Defendants' initial offense was not referenced in their original motion. (Objections 7.) Plaintiff explains the motion for default judgment in the instant action was entered on July 25, 2019 and the Report and Recommendation in the initial action was not entered until August 8, 2019. (*Id.*)

reasons, Plaintiff's motion for entry of a default judgment against both Defendants Jordane Dowling and Eludz Lounge, LLC, is GRANTED.  The Court awards Plaintiff statutory damages in the amount of $2,000 and enhanced damages in the amount of $4,000, with post-judgment interest, against Defendants Jordane Dowling and Eludz Lounge, who are jointly and severally liable for that sum.  The Court further grants Plaintiff leave to make a motion for attorney's fees no later than thirty (30) days after this judgment becomes final.

SO ORDERED.

Dated: Brooklyn, New York  
      November 25, 2020

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge